Robert G. Main, J.
It appears from the petition of Sam De Cesare, verified May 16,1960, the answer of John F. Kirvin, verified May 19, 1960 and the answer of Carroll A. Gardner, Richard H. Levy, John C. Sherman, David H. Fisher and Alberta M. Greiner, verified May 19, 1960, that the county committee of the Liberal party of the County of Schenectady, New York, elected August 12,1958, consisted of 99 members, whereas section 12 of the Election Law of the State of New York, as it existed at that time, required that there be two members elected from each election district in the county and since there are 138 election districts, that there should have been 276 members elected. On August 28, 1958, 32 additional members were elected or appointed at the organization meeting of said county committee to fill vacancies which had not been filled at the elec *116 tion, so that following the organization meeting, the county committee represented approximately 48% of the number it should have had.
On May 3,1960, there was filed in the office of the Schenectady Board of Elections a petition of the Liberal party naming John F. Kirvin as candidate for nomination of the Liberal party for the office of Member of Assembly, Carroll A. Gardner for Schenectady County Clerk, Bichard H. Levy for District Attorney and John C. Sherman for Coroner, all to be voted upon at the primary election to be held on June 7, 1960.
It is conceded by all parties to this proceeding that the persons so named were all enrolled members of the Democratic party and not of the Liberal party and that such nomination by petition had to be supported by a certificate of the executive committee of the county committee of the Liberal party of Schenectady County. Such a certificate of authorization was filed on or about May 3, 1960 and it further seems to be conceded that the meeting of the executive committee which authorized the filing of the certificate of authorization was held on the 16th day of April, 1960.
It is the contention of the petitioner, Sam De Cesare, that since the county committee was not elected in compliance with section 12 of the Election Law, that the action of its executive committee held on April 16, 1960 was illegal and ineffective to authorize the filing of a certificate of authorization.
It is the contention of respondents that the county committee, as elected at the election and with some vacancies filled at the organization meeting, was constituted sufficiently within the meaning of section 12, so that the action of its executive committee was valid.
It seems to me that since the total Liberal party county committee consisted of only 48% of the members required by section 12, that the committee was not of sufficient size to come within the meaning of section 12 as it existed at the time of the formation of the county committee and at the time of the action of the executive committee on April 16, 1960.
An amendment to section 12, which became a law on April 21, 1960, states that a county committee shall be legally constituted if 25% of the committeemen required to be elected in the county have been elected. However, I cannot say that this section was intended to be retroactive, nor that it is a declaration of the legislative intention at the time of the last previous amendment in the year 1953. Therefore, I must conclude that the county committee, Schenectady County Liberal party and its executive copuniftee were, 'improperly constituted on April 16, 1960, the *117 date upon which the executive committee authorized the execution of the certificate of authorization.
It is my decision therefore that Sam De Cesare, the petitioner, is entitled to an order determining that the designating petition filed by the Liberal party on or about May 3, 1960 and that the certificate of authorization filed on the same day be declared to be invalid and illegal and insufficient for the purpose of effecting the nominations therein set forth and that the Board of Elections, County of Schenectady, be directed to remove said petition and certificate from its files.