## (June 4, 1960)

■ JOSEPH E. AUDET, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— During the pendency of the plaintiff-respondent's application for reargument the time of such plaintiff-respondent to stipulate as to the amount of the verdict is extended, and upon the determination of that motion appropriate direction will be made with respect to the time of such stipulation. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of SAM DE CESARE, Respondent, against DAVID H. FISHER, as Presiding Officer of the Liberal Party, et al., Appellants.— Respondents-appellants appeal from an order of the Supreme Court declaring invalid a petition filed on their behalf by the Liberal Party of Schenectady County designating them as Liberal Party candidates for office. At a meeting on April 16, 1960 the Executive Committee of the County Committee of the Liberal Party authorized the designation. At that time the committee was not a legally constituted committee because it did not have two members elected from each election district. (*Matter of Newman* v. *Millspaugh*, 9 A D 2d 715, affd. 7 N Y 2d 756.) An amendment to section 12 of the Election Law, effective April 21, 1960 (L. 1960, ch. 701) provided that if 25% of the committeemen required to be elected "have been elected" the County Committee shall be legally constituted. Thereafter the presiding officer and secretary of the committee executed the petition here questioned and it was filed on May 3, 1960. At the time the petition was executed and filed the County Committee was a legally constituted committee. We think the Legislature intended to recognize existing Liberal Party committees which met the 25% rule when it passed the amendment and, construing the Election Law liberally, a petition executed and filed after the effective date of the amendment by officers of a legally constituted committee is valid. Order reversed, without costs, and the designation of respondents as Liberal Party candidates for their respective offices is reinstated. Bergan, P. J., Coon and Gibson, JJ., concur; Herlihy, J., dissents, and votes to affirm, on the memorandum of the Special Term. [23 Misc 2d 115.]

■ In the Matter of LEBRA DE CESARE et al., Appellants.— This proceeding involves the validity of a petition to provide opportunity for a write-in vote for unnamed persons for the party office of County Committeeman of the Liberal Party in Election Districts of Schenectady County. (Cf. Election Law, § 148, as amd. by L. 1960, ch. 1042.) The Board of Elections ruled that in 27 of 139 districts for which the petition was filed there were valid signatures of enrolled voters of the party; but in the remaining districts there were no valid signatures of enrolled voters and hence in those remaining districts the opportunity for a write-in vote would not be afforded at the primary. The Special Term has upheld this decision. The statutory test of the right to sign a designating petition is that the signer be an enrolled voter "within the political unit in which" the position "is to be voted for" (Election Law, § 136, subd. 2). Where no enrolled voter of the party residing in an election district signs a petition it is not valid within the literal terms of the statute for an office to be voted only in that political subdivision. Any enrolled member of the party residing in an Assembly District can be a member of a County Committee whether or not he resides in the election district in which he serves; but it is clear that he can be elected to that office only by enrolled voters of the party residing in the election district he represents. (Election Law, § 12.) Order affirmed, without costs. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur.